## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlo G. Badamo, | Case No. 1:20-cv-5847 |
| Plaintiff, | Admiralty |
| v. | Jury Trial Demanded |
| Chevron U.S.A. Inc. F/K/A Gulf Oil Corporation, *a corporation*; Chiquita Brands International, Inc., as successor in interest to United Fruit Company, *a corporation*, Farrell Lines, Inc. F/K/A American South African Lines, individually and as successor in interest to American Export Lines, Inc., *a corporation*; and National Bulk Carriers, Inc., *a corporation*, | |
| Defendants. | |

### COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Carlo G. Badamo, complaining against Defendants Chevron U.S.A. Inc. F/K/A Gulf Oil Corporation; Chiquita Brands International, Inc., as successor in interest to United Fruit Company; Farrell Lines, Inc. F/K/A American South African Lines, individually and as successor in interest to America Export Lines, Inc.; and National Bulk Carriers, Inc., as follows.

### JURISDICTION AND PARTIES

1.      Plaintiff, Carlo G. Badamo, is an adult citizen and resident of Boynton Beach, Florida.

2.      Defendant Chevron U.S.A. Inc. F/K/A Gulf Oil Corporation, is incorporated under the laws of the State of Pennsylvania and has its principal place of business in California.

1

Chevron U.S.A. Inc. F/K/A Gulf Oil Corporation at all relevant times was authorized and did transact business in this Division, District, and the State of New York for the purpose of accumulating monetary profit, and may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York 12207.   Chevron U.S.A. Inc. is legally responsible for the conduct of Gulf Oil Corporation, the Jones Act employer of Carlo G. Badamo.

3.      Defendant Chiquita Brands International, Inc., as successor in interest to United Fruit Company, a New Jersey corporation with its principal place of business in Florida, at all times relevant herein was authorized and did transact business in this Division, District, and the State of New York for the purpose of accumulating monetary profit, and may be served with process through its registered agent, C T Corporation System, 111 Eighth Avenue, New York, New York 10011.   Chiquita Brands International, Inc. is legally responsible for the conduct of United Fruit Company, the Jones Act employer of Carlo G. Badamo.

4.      Defendant Farrell Lines Incorporated F/K/A American South African Lines, individually and as successor in interest to American Export Lines, Inc., a Delaware corporation with its principal place of business in Virginia, at all times relevant herein was authorized and did transact business in this Division, District, and the State of New York for the purpose of accumulating monetary profit, and may be served with process at its principal place of business, 2510 Walmer Avenue, Suite C, Norfolk, Virginia 23513-2601.   Farrell Lines Incorporated is legally responsible for American South African Lines and American Export Lines, Inc., the Jones Act employers of Carlo G. Badamo.

5.      Defendant National Bulk Carriers, Inc., a New Jersey corporation with its principal place of business in New York, New York, at all times relevant herein was authorized and did

transact business in this Division, District, and the State of New York for the purpose of accumulating monetary profit, and may be served with process at its principal place of business, c/o Eight Points Asset Management, 445 Park Avenue, Suite 1503, New York, New York 10022. National Bulk Carriers, Inc. is the Jones Act employer of Carlo G. Badamo.

6.     Concurrent original jurisdiction over the subject matter of this Complaint exists based upon Article III, Section 2 of the Constitution of the United States, as this case arises under an Act of Congress properly termed the Jones Act, 46 U.S.C. § 30104, *et seq.,* as well as actions for unseaworthiness under the General Admiralty and Maritime Law wherein Carlo G. Badamo, at all times relevant, was a merchant mariner who served his employers aboard ships owned and/or operated by the said Defendants, which vessels utilized and carried asbestos and asbestos-containing products and other hazardous products to which Carlo G. Badamo was exposed to the detriment of his health.

7.     The Jones Act and General Admiralty and Maritime Law, provide the law governing this cause of action to the exclusion of state substantive law relating to personal injury.

8.     Among other reasons, the U.S. District Court for the Southern District of New York is a proper venue pursuant to Title 28, United States Code, §1391 because Defendants are shipowners who regularly conducted substantial business activity within the State of New York aboard various merchant vessels; Carlo G. Badamo's exposure to asbestos, which led to his illness forming the basis of this Complaint, occurred aboard the Defendants' vessels in the State of New York, including in New York County.

## GENERAL ALLEGATIONS

9.     On or about August 2, 1917, Carlo G. Badamo was diagnosed with asbestos-related cancer.

3

10.     Carlo G. Badamo developed this cancer as a result of exposure to asbestos products while employed aboard the Defendants' vessels.

11.     During the years 1944 through 1954, Carlo G. Badamo was employed by Defendants, which sailed in and out of ports in the State of New York and New York County and that while in port, while sailing in and out of those ports and while sailing on voyages in and out of those ports, Carlo G. Badamo was exposed to asbestos leading to his development of cancer.

12.     Plaintiff brings this action against Defendants, the shipowners upon whose vessels Carlo G. Badamo sailed during his sailing career as a merchant mariner assigned to the steward department as specified in his Vessel Service History which is attached to this Complaint (**Exhibit A**) and incorporated herein as if fully set forth herein.

13.     During Carlo G. Badamo' sea service career, he worked aboard vessels owned and/or operated by the Defendants, which sailed in New York waters and called on New York ports on numerous occasions while Carlo G. Badamo served aboard.   While aboard these vessels in the port and in New York waters, he was repeatedly exposed to asbestos.   Such vessels included, but were not limited to, the *African Dawn,* owned and/or operated by American South African Lines; *Gulf Maracaibo, Gulfhorn* and *Gulfswamp*, owned and/or operated by Gulf Oil Corporation; *Jamaica* and *Metapan*, owned and/or operated by United Fruit Company; *Joshua Tree*, owned and/or operated by National Bulk Carriers, Inc., *Laguardia, Exford, Constitution, Extavia* and *Independence*, owned and/or operated by American Export Lines, Inc..

14.     Carlo G. Badamo boarded the *African Dawn* in New York, New York on April 9, 1946 and was discharged in New York, New York on July 9, 1946.   During this voyage, Carlo G. Badamo was employed by American South African Lines and he had significant exposure to

4

asbestos while aboard the *African Dawn* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

15.     Carlo G. Badamo boarded the *Gulf Maracaibo* in New York, New York on July 29, 1946 and was discharged in New York, New York on July 31, 1946. During this voyage, Carlo G. Badamo was employed Gulf Oil Corporation and he had significant exposure to asbestos while aboard the *Gulf Maracaibo* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

16.     Carlo G. Badamo boarded the *Jamaica* in New York, New York on December 31, 1947 and was discharged in New York, New York on January 13, 1948.  He also boarded that vessel on January 14, 1948 in New York, New York and was discharged on February 3, 1948 in New York, New York. During these voyages, Carlo G. Badamo was employed by United Fruit Company, and he had significant exposure to asbestos while aboard the *Jamaica* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

17.     Carlo G. Badamo boarded the *Joshua Tree* in New York, New York on February 15, 1949 and was discharged in New York, New York on April 8, 1949.  He also boarded that vessel on April 8, 1949 in New York, New York and was discharged on June 5, 1949 in Portland, Maine; on June 5, 1949 in Portland, Maine and was discharged on August 4, 1949 in New York, New York. During these voyages, Carlo G. Badamo was employed by National Bulk Carriers, Inc. and he had significant exposure to asbestos while aboard the *Joshua Tree* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

18.     Carlo G. Badamo boarded the *Laguardia* in New York, New York on August 3, 1950 and was discharged in New York, New York on September 1, 1950.  During this voyage, Carlo G. Badamo was employed by American Export Lines, Inc., and he had significant exposure

to asbestos while aboard the *Laguardia* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

19.     Carlo G. Badamo boarded the *Exford* in New York, New York on November 29, 1950 and was discharged in New York, New York on January 14, 1950.  During this voyage, Carlo G. Badamo was employed by American Export Lines, Inc., and he had significant exposure to asbestos while aboard the *Exford* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

20.     Carlo G. Badamo boarded the *Metapan* in New York, New York on February 13, 1951 and was discharged in New York, New York on February 28, 1951. He also boarded on March 15, 1951 in New York, New York, and was discharged on March 26, 1951 in New York, New York. During these voyages, Carlo G. Badamo was employed by United Fruit Company and he had significant exposure to asbestos while aboard the *Metapan* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

21.     Carlo G. Badamo boarded the *Constitution* in New York, New York on August 7, 1951 and was discharged in New York, New York on August 27, 1951.  He also boarded that vessel on August 28, 1951 in New York, New York and was discharged on September 19, 1951 in New York, New York; and on September 20, 1951in New York, New York, and discharged on October 15, 1951 in New York, New York.  During these voyages, Carlo G. Badamo was employed by American Export Lines, Inc., and he had significant exposure to asbestos while aboard the *Constitution* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

22.     Carlo G. Badamo boarded the *Gulfhorn* in New York, New York on March 13, 1952 and was discharged in Port Arthur, Texas on March 19, 1952.  During this voyage, Carlo G.

Badamo was employed by Gulf Oil Corporation, and he had significant exposure to asbestos while aboard the *Gulfhorn* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

23.     Carlo G. Badamo boarded the *Extavia* in New York, New York on April 7, 1953 and was discharged in New York, New York on May 25, 1953.  During this voyage, Carlo G. Badamo was employed by American Export Lines, Inc., and he had significant exposure to asbestos while aboard the *Extavia* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

24.     Carlo G. Badamo boarded the *Gulfswamp* in New York, New York on June 3, 1953 and was discharged in Port Arthur, Texas on June 30, 1953.   He also boarded that vessel on July 1, 1953 in Port Arthur, Texas and was discharged on July 6, 1953 in New York, New York. During these voyages, Carlo G. Badamo was employed by Gulf Oil Corporation and he had significant exposure to asbestos while aboard the *Gulfswamp* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

25.     Carlo G. Badamo boarded the *Independence* in New York, New York on July 22, 1953 and was discharged in New York, New York on August 11, 1953.  He also boarded that vessel on August 12, 1953 in New York, New York and was discharged on September 2, 1953 in New York, New York; on September 3, 1953 in New York, New York and discharged on September 24, 1953 in New York, New York; on September 25, 1953 in New York, New York and discharged on October 15, 1953 in New York, New York; on October 16, 1953 in New York, New York and discharged on November 7, 1953 in New York, New York; on November 8, 1953 in New York, New York and discharged on November 30, 1953 in New York, New York; on January 11, 1954 in New York, New York and discharged on February 1, 1954 in New York, New

7

York; and on February 2, 1954 in New York, New York and discharged on April 10, 1954 in New York, New York. During these voyages, Carlo G. Badamo was employed by American Export Lines, Inc., and he had significant exposure to asbestos while aboard the *Independence* in New York waters, while at New York ports, which was a substantial factor in bringing about his injury.

26.     Throughout the entirety of his sea service career, Carlo G. Badamo was required by his employers to perform duties which included the constant exposure to asbestos friable fibers causing him to breathe into his system carcinogenic asbestos dust resulting in harm to Carlo G. Badamo, including a lung cancer.   These events of harm occurred constantly and while in many waters and ports-of-call wherein venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple witnesses thereto.

27.     The asbestos and asbestos-containing products found aboard the vessels upon which Carlo G. Badamo sailed are known to be highly toxic to mankind, and the human body can be contaminated by asbestos and asbestos-containing products through inhalation and ingestion.

28.     Defendants knew, had reason to know or should have known, of the dangers associated with exposure to asbestos and asbestos-containing products in the workplace.

29.     Carlo G. Badamo was exposed to dangerous and unlawful concentrations of asbestos in the ambient air, in potable water and food furnished by his employer due to his assigned work and/or in close proximity to said asbestos and asbestos-containing products.

30.     Defendants knew, had reason to know or should have known that harmful contact to Carlo G. Badamo would result from his exposure to asbestos present aboard the vessels upon which he served through the products that were produced and/or supplied to or brought aboard the vessels upon which he worked.

31.     Harmful contamination with Carlo G. Badamo's person occurred due to the asbestos and asbestos-containing products found and/or utilized aboard the vessels upon which Carlo G. Badamo sailed, and Carlo G. Badamo was in fact injured as a result of his continued exposure to said products during the course of his career as a mariner.

32.     Defendants breached their duty to Carlo G. Badamo in the following particulars, including but not limited to:

(a)     Failed to adequately warn Carlo G. Badamo of the dangerous characteristics of asbestos and asbestos-containing products;

(b)     Failed to provide Carlo G. Badamo with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Carlo G. Badamo from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

(c)     Failed to provide a reasonably safe workplace;

(d)     Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

(e)     Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

(f)     Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

(g)     Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

(h)     In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

(i)     Failed to act in a reasonable and prudent manner.

23.     As a direct and proximate result of Defendants' aforementioned tortious acts, Carlo G. Badamo sustained serious, incurable and progressive asbestos-related disease.  Carlo G. Badamo contracted an asbestos-related disease, lung cancer, and suffered other bodily injuries including: great pain of mind and body, shock, disgrace, outrage, humiliation, indignity, disability, loss of the joys, pleasures and vitalities of life, and exacerbation of existing disease.

24.     Carlo G. Badamo developed an asbestos-related cancer, and was extremely fearful of the ravages of such cancers from which he suffered.

25.     Carlo G. Badamo experiences severe mental anguish, great pain and suffers the ravages of cancer and/or progressive shortness of breath.

26.     As a result of Carlo G. Badamo's asbestos-related condition, he suffers great pain of mind and body.

27.     Carlo G. Badamo has incurred and continues to incur medical bills and other expenses.

28.     Carlo G. Badamo sustained wage losses in an indeterminate amount, which amount will be demonstrated at trial.

## COUNT I – JONES ACT

29.     Plaintiff hereby re-alleges and incorporates herein by reference all of the previous allegations set forth above, as though fully set forth herein, and further states as against Defendants, that:

30.     As a direct approximate result of Defendants' negligence under the Jones Act, 46 U.S.C. § 30104, Carlo G. Badamo suffered from an asbestos-related cancer, along with the sequelae thereof.

31.     The Defendants were negligent in that they:

(a)     Failed to adequately warn Carlo G. Badamo of the dangerous characteristics of asbestos and asbestos-containing products;

(b)     Failed to provide Carlo G. Badamo with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Carlo G. Badamo from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

(c)     Failed to provide a reasonably safe workplace;

(d)     Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

(e)     Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

(f)     Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

(g)     Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

(h)     In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

11

       (i)     Failed to act in a reasonable and prudent manner.

32.     As a direct and proximate result of the acts and omissions aforestated by Defendants,  Carlo G. Badamo sustained injuries as an indivisible, cumulative cause of each of the stated Defendants as contemplated in *American Fire & Casualty Company v. Flynn*,  341 U.S. 6, 71 S. Ct. 534 (1951).  Plaintiff seeks damages as below stated, *inter alia*:

       (a)     Conscious pain and suffering, past and future;

       (b)     Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

       (c)     Medical expenses and costs;

       (d)     Household services;

       (e)     Loss of pleasure, including social and recreational amenities, past and future;

       (f)     Loss of support, costs of estate planning, and funeral expenses;

       (g)     Punitive Damages; and

       (h)     Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendants in an amount exceeding the threshold jurisdictional requirement to be more particularly calculated and adjusted upwards during the pendency of this cause, and Plaintiff further seeks interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## COUNT II – UNSEAWORTHINESS UNDER GENERAL ADMIRALTY AND MARITIME LAW

33.     Plaintiff hereby re-alleges and incorporates herein by reference all of the previous allegations set forth above, as though fully set forth herein, and further states as against Defendants, that:

34.     As a direct and proximate result of the negligence of the unseaworthiness of the vessels, Carlo G. Badamo suffers from lung cancer along with the sequelae thereof.

35.     The vessels owned and/or operated by Defendants were unseaworthy under the General Admiralty and Maritime Law in that their vessels presented an unreasonably unsafe working environment, whereby Defendants substantially breached the implied warranty of providing a reasonably safe vessel and working conditions, which was to be reasonably fit for the purpose for which it was intended.

36.     The vessels were unseaworthy in part due to their lack of necessary equipment to perform tasks in safety; their lack of a warning of the dangerous characteristics of asbestos and asbestos-containing products; their lack of a published, adopted and enforced safety plan for a safe or more safe method of handling, installing, maintaining and working with or near asbestos and asbestos-containing materials; the lack of a safe workplace; the lack of adequate training and supervision in the use of a carcinogen known as asbestos and the lack of adequate ventilation and personal protective measures to reduce the risk of injury to the crew.

37.     Defendants knew for decades of the hazards of asbestos and asbestos-containing products, or in the exercise of reasonable care, should have known of these hazards. Notwithstanding this knowledge, Defendants failed to provide necessary equipment to perform tasks safely; failed to provide adequate training in the use of asbestos and further failed to provide personal protective measures and devices in a willful and conscious disregard for the safety of the

13

Carlo G. Badamo, and others, causing Carlo G. Badamo's exposure to asbestos and resulting cancer thereby entitling him to an award of exemplary and punitive damages according to proof.

38.     As a direct and proximate result of the acts and omissions aforestated by each of the defending parties herein, Carlo G. Badamo sustained injuries as an indivisible cumulative cause of each of the stated Defendants as contemplated in *American Fire & Casualty Company v. Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951).   Plaintiff seeks damages as below stated, *inter alia*:

   (a)     Conscious pain and suffering, past and future;

   (b)     Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

   (c)     Medical expenses and costs;

   (d)     Household services;

   (e)     Loss of pleasure, including social and recreational amenities, past and future;

   (f)     Loss of support, costs of estate planning, and funeral expenses;

   (g)     Punitive Damages; and

   (h)     Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

   WHEREFORE, Plaintiff demands trial by jury and judgment against Defendants in an amount exceeding the threshold jurisdictional requirement to be more particularly calculated and adjusted upwards during the pendency of this cause, and Plaintiff further seeks interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## <u>JURY TRIAL DEMAND</u>

Plaintiffs hereby demand a trial by a jury.


Dated:   July 28, 2020                  Respectfully submitted,

                            **MOTLEY RICE LLP**

                            <u>s/ Donald A. Migliori</u>
                            Donald A. Migliori, Esq.
                            28 Bridgeside Blvd.
                            Mt. Pleasant, SC 29464
                            Phone:   (843) 216-9000
                            Fax:   (843) 216-9450
                            dmigliori@motleyrice.com

                            **ATTORNEYS FOR PLAINTIFF CARLO G. BADAMO**

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2020, I caused the foregoing to be electronically filed with the United States District Court for the Southern District of New York using the CM/ECF system which automatically sends all necessary notifications of this filing to CM/ECF participants in this case.

/s/Donald A. Migliori
Attorney for Plaintiffs

Donald A. Migliori
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000
(843) 216-9450 (fax)
dmigliori@motleyrice.com