# THOMPSON HINE

ATLANTA    CINCINNATI    COLUMBUS    NEW YORK
CHICAGO    CLEVELAND    DAYTON    WASHINGTON, D.C.

October 21, 2020

*Via ECF filing*

Honorable Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Carlo G. Badamo vs. Chevron U.S.A Inc., et al.*
      United States District Court for the Southern District of New York
      Case No. 1:20-cv-05847 (LJL)

   **Letter-Motion Regarding Discovery Dispute**

Dear Judge Liman:

    Pursuant to your Honor's Individual Practice Rule 4.B., defendant Farrell Lines Incorporated, writing also on behalf of all defendants, *i.e.*, Chevron, National Bulk and Chiquita (referred to hereinafter collectively as defendants), respectfully requests the Court's assistance resolving a discovery dispute. Plaintiff's counsel wishes to proceed on October 28, 2020 with a live videotaped *de bene esse* deposition of Mr. Badamo, prior to meaningful exchange of discovery. Additionally, the parties have not agreed to a deposition format that permits the plaintiff to take trial testimony ahead of the defendants' discovery deposition. Defendants seek a temporary stay of Mr. Badamo's video-deposition, as noticed, until plaintiff either complies voluntarily with defendants' outstanding discovery requests and a deposition format is agreed upon, or until Your Honor rules on the discovery issues raised in the parties' Joint Rule 26(f) Discovery Plan Report, filed on October 14, 2020 [docket #16].

    Pertinent Facts:  Plaintiff claims that his lung cancer, allegedly diagnosed in or around July or August 2017, was caused by his alleged exposure to asbestos during his employment as a merchant marine on defendants' commercial vessels between the years 1944-1955, 62 years (or more) prior to his lung cancer diagnosis. Defendants deny that they are liable under the Jones Act and general maritime law. Plaintiff's medical records indicate that he smoked two packs of cigarettes a day for 60 years (or 120 pack years). Plaintiff stopped working as a merchant seaman in 1955, when he was 26 or 27 years old.

    Procedural Status:  On 7/28/20, plaintiff's counsel Motley Rice and The Jaques Firm filed this action [docket # 1].

---

Ruthe.Nepf@ThompsonHine.com    Direct Dial: 212.908.3957; Cell Phone 631-495-4990    4847-8588-9231

THOMPSON HINE LLP
ATTORNEYS AT LAW

335 Madison Avenue
12th Floor
New York, New York 10017-4611

www.ThompsonHine.com
Phone: 212.344.5680
Fax: 212.344.6101



Honorable Lewis J. Liman
*Badamo – USDC-SDNY Case No. 20 Civ 05847*
October 21, 2020
P a g e | **2**

On 9/22/20 and 9/24/20 plaintiff provided some medical records and portions of Mr. Badamo's Coast Guard records. The medical records focus mostly on plaintiff's diagnosis and treatment for lung cancer in 2017 and do not include records pertaining to Mr. Badamo's health history prior to his lung cancer diagnosis and encompassing his 60 years of tobacco use, for example.

On 10/8/20, the parties held a telephonic pre-Rule 26(f) meet and confer but were not able to agree on certain discovery issues, many of which are at the center of this Letter-Motion.

On 10/8/20, plaintiff supplied medical and employment record authorizations. These are now being processed by defense counsel but due in part to COVID-19 related delays, it will likely take several months for the records to be produced.

On 10/14/20, the parties filed a Joint Rule 26(f) Discovery Plan Report [docket #16]. In sections 5 and 7 of the Joint Rule 26(f) Report defendants request that 14 days in advance of plaintiff's deposition, plaintiff provide: 1) Initial Rule 26(a)(1) disclosures; 2) responses to standard asbestos liability interrogatories; 3) Copies of (a) medical and employment records, (b) disability and worker's compensation claims, (c) Social Security Earning Report; and (d) Proofs of Claim; and 4) corresponding authorizations for each of the above-listed records and claims.

On 10/15/20, plaintiff emailed a Notice of video-deposition to defense counsel. The Notice indicates that the *de bene esse* video-deposition of Carlo Badamo will be taken live on October 28, 2020, at plaintiff's home in Ansonia, Connecticut.

On 10/19/20, all parties again conferred through emails to resolve the issue of outstanding pre-deposition discovery, but an agreement could not be reached. Plaintiff's counsel indicated they planned to move forward with the *de bene esse* video-deposition, as noticed, and suggested the parties seek the Court's intervention. Plaintiff's counsel further advised that their client's health is poor and he is receiving hospice care. Defendants have not seen records evidencing this claim. Moreover, from the records that have been provided, plaintiff's counsel was aware of Mr. Badamo's lung cancer diagnosis and its purported association with Mr. Badamo's alleged asbestos exposure as early as December 8, 2017, when plaintiff's medical expert Dr. Schonfeld issued a report to the Jaques Firm. Defendants should not be prejudiced by plaintiff's failure to file this action in a timely manner. A statute of limitations defense cannot be ruled out until complete medical records have been supplied.

On 10/21/20 plaintiff's counsel provided copies of portions of Proofs of Claim materials and advised, through counsel, of some details regarding Mr. Badamo's employment after 1955.



Honorable Lewis J. Liman
*Badamo – USDC-SDNY Case No. 20 Civ 05847*
October 21, 2020
P a g e | 3

      Defendants respectfully request that the deposition be stayed until plaintiff supplies responses to outstanding discovery requests, as outlined above and in the parties' Joint Rule 26(f) Discovery Plan Report, or until Your Honor rules on the discovery issues raised in the parties' Joint Rule 26(f) Discovery Plan Report. Defendants also request that the Court schedule a conference as soon as reasonably possible to address this dispute.

Respectfully Submitted,

Ruthe Nepf, Esq.
Thompson Hine LLP
*Counsel for Defendant Farrell Lines Incorporated*

cc:    All Counsel of Record (via ECF filing)

An Initial Pretrial Conference will be held in this case on October 28, 2020 at 4:30 p.m. by TELEPHONE CONFERENCE. At that date and time the parties are directed to dial the Court's conference line at 888-251-2909 (access code: 2123101). The Court will address the discovery issues raised in the parties' Joint Rule 26(f) Discovery Plan Report at that conference. The deposition that was noticed for October 28, 2020 is stayed pending further order of the Court. IT IS FURTHER ORDERED that Defendant shall file, by 5:00 p.m. on October 27, 2020, a copy of its proposed interrogatories.

SO ORDERED. 10/26/2020.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge